O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN WILSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 11-0178 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

  The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

  With respect to Disputed Issue No. 2, the Court notes that, while the description in the Dictionary of Occupational Titles ("DOT") for the job of "Auction Assistant" indicates that the job requires reaching frequently, it does not specify that

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

the job requires more than occasional over shoulder work bilaterally. The vocational expert ("VE") at the September 10, 2010 administrative hearing, Mr. Scott, testified in response to the second hypothetical posited by the Administrative Law Judge ("ALJ") that, even with a limitation to no more than occasional over shoulder work bilaterally, a hypothetical person matching plaintiff's vocational profile and plaintiff's other physical and mental limitations could perform the auction assistant job. (See AR 296.) Indeed, Mr. Scott testified in response to the ALJ's third hypothetical that, even if the hypothetical person were altogether precluded from over shoulder work bilaterally, the person could still perform that job. (See id.) In response to the ALJ's specific question, Mr. Scott further testified that his testimony was consistent with the DOT. (See AR 297.) The ALJ subsequently established that Mr. Scott's opinions were based on the auction assistant job as generally performed, as distinguished from how plaintiff performed it. (See AR 299.)

Plaintiff's contention that there was an inconsistency between his residual functional capacity as determined by the ALJ and the job requirements for the auction assistant job as generally performed in the national economy per the DOT is based on the testimony of Ms. Porter, who provided vocational expert testimony at the previous administrative hearing held before a different ALJ on March 31, 2008. (See Jt Stip at 15-16.) In response to a hypothetical posited to her, Ms. Porter testified that she did not think a preclusion from any reaching with the right upper extremity above shoulder level would permit the performance of the auction assistant job because she thought that the auction assistant job "would require lifting over the head." (See AR 36-37.) It is clear to the Court that, in making his vocational determination, ALJ Radensky was relying on Mr. Scott's testimony at the September 10, 2010 administrative hearing, not Ms. Porter's testimony at the March 31, 2008

administrative hearing.[2] Ms. Porter's testimony does not establish that Mr. Scott's testimony deviated from the DOT. To the extent that Ms. Porter's testimony conflicted with Mr. Scott's testimony, it was within the ALJ's province to resolve that conflict adversely to plaintiff. See Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.").

With respect to Disputed Issue No. 1, the Court notes that the determination that a claimant is capable of performing his/her past relevant work properly may be based on **either** the past relevant work as performed by the claimant **or** the past relevant work as generally performed in the national economy. See, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Sanchez v. Secretary of Health and Human Svcs., 812 F.2d 509, 511 (9th Cir. 1987). Here, the ALJ found, based on Mr. Scott's expert testimony, that plaintiff was able to perform his past work as an assistant ring person at an auction as it is "normally performed." (See AR 245.) Accordingly, even if plaintiff is correct that the ALJ erred in failing to make specific findings of fact as to the physical and mental demands of plaintiff's past work as an assistant ring person at an auction (see Social Security Ruling 82-62[3]; see also Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001)), the Court finds that any error by the ALJ in failing to do so here was harmless error because plaintiff has failed to convince the Court that there was any inconsistency between his residual functional capacity as determined by the ALJ and the job requirements for his auction assistant job as generally performed in the national economy per the DOT. See Curry v.

---

[2] For the reasons stated by the Commissioner (see Jt Stip at 10-12), the Court is satisfied that the mis-reference to the vocational expert's name (see AR 245) was either a typographical or a clerical error.

[3] The Ninth Circuit has stated that Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

Consequently, the Court finds that reversal is not warranted based on the ALJ's alleged error in finding that plaintiff was capable of performing his past work as an auction assistant because plaintiff has not met his burden at Step Four of the Commissioner's sequential evaluation process to show that he can no longer perform his past relevant work.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: October 31, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE